FRANK A. WEISER (#89780)
Attorney at Law
3460 Wilshire Blvd., Ste. 1212
Los Angeles, California 90010
(213) 384-6964  - (voice)
(213) 383-7368  - (fax)
maimons@aol.com - (e-mail)

Attorney for Plaintiffs
PHILIP ELGHANIAN,
WASHINGTON FUND
V. LLC, GT HOTELS, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP ELGHANIAN; WASHINGTON FUND V  LLC; GT HOTELS, INC., | Case No. CV21-00382 |
| | **COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF** |
| | **[Violation of Federal Civil Rights under 42 U.S.C. Section 1983]** |
| Plaintiffs, | |
| vs. | **DEMAND FOR JURY TRIAL** |
| CITY OF VICTORVILLE, a municipal corporation; CITY OF VICTORVILLE CODE ENFORCEMENT OFFICER ELSYE JANSSON, MARIA MACIAS; TATIANA MACIAS; SAMUEL TORRES; DOES 1-10 inclusive, | |
| Defendants. | |

1

Plaintiffs PHILIP ELGHANIAN, WASHINGTON FUND V. LLC, GT HOTELS, INC. ("ELGHANIAN," "WF," "GT" or collectively "Plaintiffs") hereby file the following Complaint and state and allege as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of the federal court exists pursuant to 28 U.S.C. Section 1331 and 28 U.S.C. Section 1343 (a)(3). This action, which arises under the laws and Constitution of the United States, specifically, under the First, Fourth and Fourteenth Amendments of the United States Constitution and involves violations of federal law actionable pursuant to 42 U.S.C. Section 1983.

2. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b) in that all the individual defendants reside in this District, and the claims arose in this District.

## PARTIES

3. Plaintiffs Elghaniam is the legal and beneficial owner of WF and GT which own and operate real property as a hotel commonly known as the Green Tree Hotel located at 14173 Green Tree Blvd., Victorville, CA (the "Property"). At all times material herein, TONY KHAN ("T. Khan") was the on-site property manager employed by WF and GT.

4. Plaintiffs allege that the Defendant CITY OF VICTORVILLE ("City") is, and at all times herein mentioned was, a municipal corporation organized under the laws and constitution of the State of California The Defendant CITY OF VICTORVILLE CODE ENFORCEMENT OFFICER ELSYE JANSSON ("E. Jannson") was at all material times herein an employee of the City duly authorized as a property code enforcement officer

5.   Plaintiffs allege that the Defendant MARIA MACIAS, TATIAN MACIAS, and SAMUEL TORRES ("M. Macias," "T. Macias," and "S. Torres") were at all times herein mentioned hotel guests of the property.

6.   The true names and capacities, whether individual, corporate, associate or otherwise, herein named as DOES 1 through 10, and persons heretofore unknown involved in the actions taken against plaintiffs are unknown to them at this time. Plaintiffs are informed and believe and based thereon alleges that each of the DOE defendants is responsible in some manner for the occurences herein referred to, and that plaintiffs' injuries and damages as herein alleged were proximately caused by those defendants. Plaintiffs sue said defendants by such fictitious names on the grounds that the true names and capacities of said defendants are unknown to them at this time. Plaintiffs will amend this complaint when the true names and capacities of said DOE defendants are ascertained. Each reference in this complaint to "defendant", "defendants" or a specifically named defendant also refers to defendants sued under fictitious names.

## FACTS COMMON TO ALL CLAIMS

8.   Plaintiff Elghanian is a successful businessman who has owned and operated the property by way of WF and GT. WF, a a duly formed California limited liability company is the legal owner of the property and GT, a duly formed California corporation operates the property by way of a business license issued yearly by the City ....

9.   M. Macias is the mother of T. Macias. T. Macias is the wife of S. Torres. Said defendants within the past year agreed to rent two units at the property but have failed to pay the rent and are unauthorized guests at all times material herein.

3

10.   M. Macias T. Macias, and S. Torres have over the period of their stay at the property caused serious disruption of the peace and enjoyment of both the other guests at the property and they have been involved in domestic disturbances that led to the arrest and prosecution of S. Torres and as a result of such nuisance activity Plaintiffs have called the City police department on multiple occassions to the property.

11.   As a result of Plaintiffs requesting that M. Macias T. Macias, and S. Torres leave the property and calling the City police department on multiple occassions to the property.because of said nuisance activity, said individual defendants over the last six months have in retaliation requested that the City and E. Jannson inspect the property, falsely claiming that the property is in violation of multiple City code ordinances.

12.   In doing so, the City and E. Jannson has come onto the property and inspected the property with the assistance of said individual defendants and entered areas of the property not open to the public without the knowledge, consent or an administrative wearrant to conduct such inspections.

13.   Shortly after the City and E. Jannson conducted an unauthorized inspection of the property, Plaintiffs were cited by the City and E. Jannson for City code violations with the assessment of monetary fines, and the City and E. Jannson have failed and refused to conduct an administrative hearing regarding the alleged violations.

14.   The City has a policy, custom, and practice, both at the subject property and other properties in the City that instead of conducting an evidentiary administrative hearing as to such citations and fines that it officially records a notice of pendency of lien with the San Bernardino County Recorder's Office and issues an official tax offest notice for the administrative citations and

fines with the California Franchise Tax Board.

15.    Pursuant to the City policy, custom, and practice set forth in paragraph 14, the City instead of conducting an evidentiary administrative hearing as to such citations and fines assessed and issuec to Plaintiffs officially recorded a notice of pendency of lien with the San Bernardino County Recorder's Office and issued an official tax offest notice for the administrative citations and fines with the California Franchise Tax Board.

16.  The recording of the notice of the pendency of lien on the property has caused serious and substantial damage to Plaintiffs' credit rating which is vital to their ability to operate the property.

17.  As a result of the actions by the defendants, and eachj of them, as described in paragraphs 8-17, Plaintiff Elghanian has suffered extreme emotional distress and and Plaintiffs have suffered economic and non-economic damages.

Based on the above facts, plaintiffs allege the following claims:

## FIRST CLAIM FOR RELIEF

## (Violation of Civil Rights Under 42 U.S.C.

## Section 1983 by Plaintiffs Against All Defendants).

18.  Plaintiffs reallege and incorporate herein by reference to each and every allegation contained in Paragraphs 1 through 17, and all its subparts, inclusive, as set forth hereinabove.

19.   Plaintiffs are informed and believe, and based upon such information and belief allege, that in doing all of the things herein mentioned, defendants, and each of them, acted under color of the statutes, regulations, customs and usages of the City of Victorville and the

5

State of California for purposes of "state action" and "color of law" under 42 U.S.C. Section 1983.

20.   Plaintiffs are further informed and believe, and based upon such information and belief allege, that by taking the actions hereinabove alleged in paragraphs 1 thru 17 above, defendants, and each of them, violated, and continues to threaten to violate, the constitutional and civil rights of plaintiffs, in particular their individual rights under the the First Amendment of the United States Constitution's Petition and Grievance Clause,  the Fourth Amendment of the United States Constitution's Search and Seizure Clause by unlawfully searching and seizing their property without an administrative warrant or court order; that the actions of the Defendants, and each of them, violated Plaintiffs' individual rights under the substantive and procedural components of the Due Process Clause of the Fourteenth Amendment and violated their individual rights under the Equal Protection Clause of the Fourteenth Amendment..

21.   The Defendants actions describe in paragraphs 1-17 above was done pursuant to official policy, custom, or practice, and any individual doedefendants sued, or to be sued, including M. Macias T. Macias, and S. Torres  individually are not entitled to immunity from suit as a matter of law and E. Jannson is not entitled to qualified immunity.

22.   As a proximate result of the foregoing acts of defendants, and each of them, Plaintiffs have suffered and continue to suffer extreme hardship and damages, which damages include, but is not limited to, severe emotional distress by Elghanian.  Plaintiffs are informed and believe, and based upon such information and belief alleges, that the damages they have suffered and continue to incur will be according to proof at trial but not less than $1,000,000.00 each against the defendants, and each of them, and that they are also entitled

to appropriate declaratory and injunctive relief against all the defendants, and to their reasonable attorneys fees under 42 U.S.C. section 1988.

WHEREFORE, Plaintiffs pray judgment against Defendants, and each of them, as follows:

### FIRST CLAIM FOR RELIEF

1. For damages according to proof at trial but not less than $1,000,000;

2. For declaratory and injunctive relief;

3. For attorney's fees pursuant to 42 U.S.C. Section 1988;

### FOR ALL CLAIMS FOR RELIEF

4. For costs of suit; and

5. For such other and further relief as the Court

deems just and proper.

DATED: March 5, 2021    LAW OFFICES OF FRANK A.
           WEISER

By: _Frank a. Weiser_
  FRANK A. WEISER, Attorney
  for Plaintiffs PHILIP ELGHANIAN,
  WASHINGTON FUND V. LLC,
  GT HOTELS, INC

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial pursuant to F.R.C.P. 38.

DATED: March 5, 2021    LAW OFFICES OF FRANK A.
           WEISER

By: _Frank a. Weiser_
  FRANK A. WEISER, Attorney
  for Plaintiffs PHILIP ELGHANIAN,
  WASHINGTON FUND V. LLC,
  GT HOTELS, INC